IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:11-CV-00310

| | |
|---|---|
| CAROLINA INTERNET, LTD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TW TELECOM HOLDINGS, INC, ) | |
| ) | |
| Defendant, ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Change Venue [Doc. No. 5] with Memorandum in Support [Doc. No. 6], and Plaintiff's Response in Opposition to Defendant's Motion to Change Venue [Doc. No. 17], and Defendant's Reply [Doc. No. 20]. For the reasons stated below, the Defendants' motion is **GRANTED.**

**I.     FACTUAL BACKGROUND**

On July 29, 2010, tw telecom ("Defendant") filed suit against Carolina Internet, Ltd. ("Plaintiff") in the Western District of Colorado. Doc. No. 6, Brief in Support, at 1. On January 26, 2011, the Western District of Colorado entered a default judgment in favor of tw telecom. *TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, No. 10-cv-01799-ZLW-MJW, 2011 WL 250398 (D.Co. January 26, 2011). This same court denied Carolina Internet's request for a reconsideration of the default judgment. *Id*. at *1 n. 1. Carolina Internet has appealed this ruling to the Tenth Circuit. Brief in Support at 2.

Plaintiff filed the present action on May 26, 2011, in the Mecklenburg County Superior Court. Doc. No. 1, Ex. 1, Complaint at 1. Defendant removed the case to this Court on June 24,

2011. Doc. No. 1, Notice of Removal, at 1. Plaintiff alleges several contract-based claims, all arising out of the Service Agreement for Defendant to provide internet services to Plaintiff. Complaint, ¶ 3. The parties adopted the Service Agreement in 1999 and renewed it most recently in 1999. *Id*. The parties litigated the same Service Agreement in *TW Telecom*. See 2011 WL 250398, at *1.

## II.     ANALYSIS

"A district court may transfer any civil action to any other district where it might have been brought" in the "interest of justice" or for the "convenience of parties and witnesses." 28 U.S.C. § 1404(a) (1996). The decision to transfer a case is committed to the court's discretion. *Id*. at (b); *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). Usually, the party requesting transfer bears the "burden of establishing that transfer is warranted." *D.P. Riggins & Assocs., Inc. v. Am. Bd. Cos., Inc.,* 796 F.Supp. 205, 211 (W.D.N.C. 1992) (quoting 1A Part 2 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 0.345[5] (2d ed. 1991)).

However, the Fourth Circuit has created a "first-filed" doctrine which "giv[es] priority to the first suit absent showing of a balance of convenience in favor of the second." *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, No. 01-1202, 2001 WL 627618, at *3 (4th Cir. June 7, 2001) (quoting *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n. 2 (4th Cir. 1974)). The first-filed doctrine balances a respect for the plaintiff's first choice of forum with considerations of judicial economy. *R.J. Reynolds Tobacco Co. v. Star Scientific, Inc.*, 169 F.Supp.2d 452, 455 (M.D.N.C. 2001) (quoting *Serco Servs. C. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995)). The first filed doctrine prevents courts from interfering with the existing authority of a sister court. *Id*. The following factors guide whether the first filed doctrine is applicable in a given instance: "1) the chronology of the filings, 2) the similarity of the parties

involved, and 3) the similarity of the issues at stake." *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp.2d 357, 360 (W.D.N.C. 2003). Moreover, in determining whether a transfer is in the interest of justice, there are eleven factors to guide a court's discretion.[1] Weighing these factors is a qualitative, not quantitative, process. *Uniprop*, 753 F.Supp. at 1322.

Here, the first filed doctrine is applicable. The District Court for the Western District of Colorado has recently entered a default judgment against Plaintiff in an action which involved a dispute over the same 2009 Service Agreement. The issues are thus substantially similar and the parties are identical. Furthermore, Carolina Internet has appealed the Western District of Colorado's decision and continues to engage in litigation surrounding the 2009 Service Agreement in the Tenth Circuit. Because the first filed doctrine applies here, tw telelcom's § 1404(a) transfer request is presumptively appropriate.

This presumption is not overcome by the balance of the *Uniprop* factors. The parties are currently litigating a similar dispute in the Western District of Colorado and both lawsuits are primarily contractual. Further, Plaintiff has identified only two nonparty witnesses who will be inconvenienced by having to travel to Colorado. Thus, Carolina Internet should not suffer practical difficulties in presenting its evidence in Colorado. Additionally, there is little concern about the Colorado court's ability to apply North Carolina law as they have successfully done so

---

[1] "The plaintiff's initial choice of forum; the residence of the parties; the relative ease of access of proof; the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; the possibility of a view; the enforceability of a judgment, if obtained; the relative advantages and obstacles to a fair trial; other practical problems that make a trial easy, expeditious, and inexpensive; the administrative difficulties of court congestion; the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and the avoidance of unnecessary problems with conflict of laws." *Uniprop Manufactured Hous. Cmtys. Income Fund II v. Home Owners Fnding Corp. of Am.*, 753 F.Supp. 1315, 1322 (W.D.N.C. 1990).

in the prior suit. *See TW Telecom*, 2011 WL 250398, at *2. Plaintiff is also represented by a firm in Colorado. *Id*. Therefore, it is unlikely that Plaintiff will be prejudiced by litigating its claim in the Western District of Colorado.

Plaintiff claims that *Sartin v Macik* governs this case. Plaintiff correctly identifies that *Sartin v. Macik* holds that under North Carolina law a default judgment does not have a collateral estoppel effect. 535 F.3d 284, 289 (4th Cir. 2008). However, Defendant tw telecom has not asserted collateral estoppel in its motion to transfer, nor is collateral estoppel presently relevant. Collateral estoppel is about which, not where, arguments can be made in future litigation.

### III. CONCLUSION

As the Western District of Colorado is familiar with the present dispute, it is in the interests of judicial economy for this case to be tried in our sister court in Colorado. Accordingly, Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is **GRANTED**. The Defendant's Motion to Strike is **DENIED**. On an issue of this magnitude, the Court found it important to consider the Plaintiff's response; however, the Plaintiff is warned that the Court's deadlines exist for a reason and should be followed for any further proceedings in which the Plaintiff is a party. All other pending motions shall be transferred with the case.

Signed: July 25, 2011

Graham C. Mullen
United States District Judge

4